UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE SHEEHAN, as Personal
Representative of the Estate of
WILLIAM JOSEPH SHEEHAN, SR.,
and JEREMY GERALD KRASNEY,

    Plaintiffs,

v.                                            Case No. 8:24-cv-0330-MSS-AAS

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant,
_____/

## ORDER

Defendant Progressive Insurance Company (Progressive) moves to compel documents from the two non-party law firms that represented Jeremy Gerald Krasny in his underlying claim and then lawsuit against the Sheehans—Czaia Law Group (Czaia Law), followed by HD Law Partner (HD Law). (Docs. 21, 26). Plaintiffs Michelle Sheehan, as Personal Representative of the estate of William Joseph Sheehan, Sr., William Joseph Sheehan, Jr., and Jeremy Gerard Krasny (collectively, the plaintiffs) oppose the disclosure of the withheld documents. (Docs. 23, 28). The court took Progressive's motions under advisement and reviewed *in camera* Czaia Law Group's and HD Law's

1

withheld documents. (Docs. 29, 33).

I. **BACKGROUND**

On February 6, 2017, Mr. Krasny was injured in a motorcycle accident with Progressive's insureds, Mr. Sheehan, Sr., and his son, Mr. Sheehan, Jr., the vehicle owner (collectively, the Sheehans). Progressive's insurance policy provided bodily injury coverage for $10,000 per person/ $20,000 per occurrence. Following the accident, Mr. Krasny retained C.J. Czaia, Esq., of Czaia Law for his claim against the Sheehans. The plaintiffs allege Czaia Law sent a 30-day demand letter outlining the documents necessary to settle on April 24, 2017. Progressive claims it did not receive the demand letter. Mr. Kransy's claim did not settle for the policy limits.

On June 21, 2017, having never received the items requested from Progressive, Mr. Krasny retained attorney Raymond Haas, Esq., of HD Law. On October 20, 2017, Mr. Krasny filed a negligence action against the Sheehans titled *Jeremy Gerard Krasny v. Michelle Sheehan as Pers. Representative of the Estate of William Joseph Sheehan, Sr., and William Joseph Sheehan, Jr.*, Case No.: CACE-17-019284, in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. This action resulted in a $750,000.00 consent final judgment for Mr. Krasny and against

2

the Sheehans on November 9, 2022. (Doc. 1-4).

On February 2, 2024, the plaintiffs filed this action alleging Progressive acted in bad faith in handling Mr. Krasny's claim. (Doc. 1). On May 6, 2024, Progressive issued subpoenas *duces tecum* to Czaia Law and HD Law. (Doc. 21-1). On June 6, 2024, HD Law objected to Progressive's subpoena.[1] (Doc. 15). On June 20, 2024, HD Law emailed Progressive that it also acted on Czaia Law's behalf. (Doc. 21-2).

From June 11, 2024, through November 4, 2024, Progressive and the non-party law firms communicated about their objections to the subpoenaed documents. Progressive agreed to narrow the scope of its subpoena:

> [F]rom February 6, 2017, to March 31, 2018, except as to any communication or document that relates to settlement of the underlying claim.
>
> For any document related to the issue of settlement in the underlying claim the temporal scope will be February 6, 2017, the date of loss, through November 9, 2022, the date of the Final Judgment. This includes any document/communication related to the issue of settlement that was exchanged internally at HD Law Partners, with co-counsel Czaia Law, with Progressive, or with underlying counsel that defended Progressive's insured's in the underlying action.

---

[1] The court construed the filed objections as a motion to quash and denied it without prejudice for failure to comply with the Local Rules for the Middle District of Florida. (Doc. 16). Contrary to the plaintiffs' argument, this did not waive Czaia Law's or HD Law's objections to the subpoena. Not only did they object to the subpoena, but counsel communicated with Progressive about their objections for months.

(Doc. 21, p. 4). Czaia Law and HD Law served privilege logs and produced documents. (Docs. 21-3, 4). On February 11, 2025, Progressive conferred with counsel for the plaintiffs, Cathey & Miles, P.A., about Czaia Law's and HD Law's subpoena *duces tecum* and its responses and production. On February 20, 2025, Progressive received Czaia Law's and HD Law's privilege logs. (Docs. 21-5, 6).

On March 19, 2025, Progressive filed its first motion to compel the production of documents withheld on Czaia Law's and HD Law's privilege logs. (Doc. 21). The plaintiffs opposed Progressive's motion. (Doc. 23). On April 16, 2025, Czaia Law produced another privilege log to Progressive. (Doc. 26-3). On April 28, 2025, Progressive filed another motion for production of the communications withheld in the Czaia Law's February 20, 2025 amended privilege log (emails dated from June 18, 2018 through June 8, 2022) and April 16, 2025 privilege log (emails dated from August 16, 2017 through June 8, 2022). (Doc. 26). Again, the plaintiffs oppose Progressive's second motion to compel. (Doc. 28). After being directed to do so, Czaia Law and HD Law provided the documents withheld on the privilege logs for an *in camera* review. (Docs. 29, 33).

On June 4, 2025, Progressive filed its third motion to compel Czaia Law

4

to permit inspection of its electronic data systems and physical files. (Doc. 32). The plaintiffs oppose Progressive's third motion to compel because Czaia Law has now performed a more thorough review of their electronic files. (Doc. 34). Specifically, during Maria De La Torre's deposition,[2] the plaintiffs' counsel assigned Ms. De La Torre three tasks to correct Czaia Law's prior potentially inadequate search for documents. (Doc. 32-3, pp. 55–57). After completion of these tasks, Czaia Law produced additional documents and provided the court with a supplemental privilege log for *in camera* review. The court reviewed the documents withheld on Czaia Law's amended and supplemental privilege logs, as well as the documents withheld on HD Law's privilege log.

## II.  ANALYSIS

In diversity cases, where state law supplies the rule of decision, state law governs the application of attorney-client privilege. *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1318 (2018). Florida's attorney-client privilege is codified in Fla. Stat. § 90.502. *See Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-mc-00082-CEH-JSS, 2016 WL 6037552, at *4 (M.D. Fla. Oct. 14, 2016). Under the statute, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential

---

[2] Ms. De La Torre is the office manager of Czaia Law.

communications when such other person learned of the communications because they were made in the rendition of legal services to the client." Fla. Stat. § 90.502(2). In bad faith litigation, the privilege may be waived if the communications are necessary to determine whether the insurance company acted in bad faith. *Camacho v. Nationwide Mut. Ins. Co.*, 287 F.R.D. 688, 695 (2012).

The work product doctrine is broader than the attorney-client privilege. Federal law provides the decisional framework for the work product doctrine in this diversity case. *McMullen v. GEICO Indem. Co.*, No. 14-CV-62467, 2015 WL 2226537, at *3 (S.D. Fla. May 13, 2015). Rule 45 generally governs discovery on non-parties by subpoena. Fed. R. Civ. P. 45. The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules. *See* Fed. R. Civ. P. 45 advisory committee's note to the 1970 Amendment. Thus, a court must examine a request in a subpoena *duces tecum* under the same standards outlined in Rule 26(b). Federal Rule of Civil Procedure 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The Rule further provides that if the court orders discovery of the material described

6

above, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

"In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004) (citation omitted). "[A]lthough a bad faith claim derives from and emphasizes the duty of the insurer to the insured, the conduct of a claimant and the claimant's attorney is relevant to determining the 'realistic possibility of settlement.'" *Cardenas v. Geico Cas. Co.*, 760 F. Supp. 2d 1305, 1309 (M.D. Fla. 2011) (citing *Barry v. Geico Gen. Ins. Co.*, 938 So. 2d 613, 618 (Fla. 4th DCA 2006) ("The conduct of the [attorney] would be relevant to the question of whether there was any realistic possibility of settlement.").

The court reviewed the documents withheld on Czaia Law's and HD Law's privilege logs and amended and supplemental privilege logs to determine whether the withheld documents are relevant to Progressive's realistic possibility of settlement. The withheld documents include interoffice emails between counsel and their staff, emails between Mr. Kransy and his counsel, emails between Mr. Kransy's former and current counsel, and case

7

memoranda. Upon thorough *in camera* review, the court finds the withheld documents do not include information relevant to whether there was a realistic possibility of settlement in this action. Thus, Progressive's first and second motions to compel production of documents withheld on Czaia Law's and HD Law's privilege logs are due to be denied.

Over a month after the discovery deadline, Progressive filed its third motion to compel Czaia Law to permit inspection of its electronic data systems and physical files. (*See* Doc. 32). While parties may conduct discovery after the court's deadline, "they cannot expect the court to resolve their post-deadline discovery disputes." *Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, No. 8:17-CV-190-T-23MAP, 2018 WL 8545873, *2 (M.D. Fla. June 12, 2018). Thus, Progressive's motion to compel could have been denied on this basis alone. *See* Middle District Discovery (2021) (I)(F) ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.").

Rather than deny Progressive's third motion to compel as untimely, the court will substantively address the third motion because the court was in the process of considering and ruling on Progressive's two interrelated pending motions to compel and conducting an *in camera* review of the non-parties'

withheld documents plus the delay in filing the motion was due in part to Czaia Law's document collection efforts. During Ms. De La Torre's deposition on May 21, 2025, the plaintiffs' counsel assigned Ms. De La Torre several tasks to correct Czaia Law's prior inadequate search for documents. (Doc. 32-3, pp. 55–57). The first task involved comparing the paper file with the electronic file to ensure all requested documents were produced or included on a privilege log. (*Id.*, p. 55). The second task involved a review of Google Suite and Google Calendar for anything related to Mr. Krasny. (*Id.*, p. 56). The third task involved using the Practice Masters server to search for anything related to Mr. Krasny. (*Id.*).

According to Czaia Law's response to Progressive's third motion to compel, Ms. De La Torre completed these tasks. (Doc. 34). Consequently, Czaia Law "produced additional responsive materials for 2017, including calendar entries and internal emails that relate to settlement that resulted from the electronic searches" (*Id.* at p. 3) and submitted to the court for *in camera* review a supplemental privilege log with accompanying documents on June 16, 2025. An *in camera* review of those documents reveals they were properly withheld.

After conducting an *in camera* review of the withheld documents on the supplemental privilege log and considering the further efforts taken by Czaia

Law to correct its prior efforts, there is no reasonable basis to conclude that Czaia Law is withholding other relevant and discoverable documents. Thus, Progressive's request to permit inspection of Czaia Law's electronic data systems and physical files is due to be denied.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Progressive's motions to compel (Docs. 21, 26, 32) are **DENIED**.

**ENTERED** in Tampa, Florida, on July 7, 2025.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge